I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6·22·12

DEPUTY CLERK



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SALINAS ROBLES,<br><br>    Petitioner,<br><br>vs.<br><br>L.S. McEWEN, Warden,<br><br>    Respondent. | Case No. SACV 12-1008-VBF (JPR)<br><br>ORDER TO SHOW CAUSE |

On June 8, 2012, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition challenges a judgment of conviction sustained by Petitioner in Orange County Superior Court in 2007. The California Court of Appeal denied Petitioner's appeal on May 15, 2009. Although Petitioner states in the Petition that he did not file a Petition for Review in the California Supreme Court (Pet. at 3), the Court's review of the California Appellate Courts' Case Information website indicates that he did, and that it was denied on July 29, 2009. The website confirms Petitioner's statements in the Petition that he filed a habeas Petition in the California Supreme Court. It was filed on January 30, 2012, and

was denied on May 9, 2012. Petitioner raises two claims in the Petition, both challenging the trial court's admission of certain evidence; he raised the same claims on direct appeal and in his state habeas petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction apparently became final 90 days after the state supreme court denied review - in other words, on October 27, 2009. Merolillo v. Yates, 663 F.3d 444, 454 n.5 (9th Cir. 2011). Petitioner did not file his federal Petition until June 8, 2012, more than two and a half years later.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Petitioner does not argue that he was impeded from filing his Petition by unconstitutional state action. Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C). Petitioner does not argue that any of his claims are based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it appears to the Court that Petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D). Given that Petitioner has raised the same claims at every stage of the review process, they are not dependent on any newly discovered factual predicate.

Thus, Petitioner's last day to file his Petition was October

26, 2010, unless a basis for tolling the statute exists. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

No basis for statutory tolling under § 2244(d)(2) appears to exist here, as Petitioner apparently did not file a state habeas petition until January 30, 2012, more than a year after the AEDPA deadline had expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely filed). Under certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

Petitioner has attached to the Petition certain documents suggesting that he sought the transcripts of his trial from his appellate attorney and was not able to get them back until December 2011. (Pet. Ex. B.) The documentation suggests that Petitioner did not begin to try to retrieve them until May 2011 (Pet. Ex. B, Oct. 1, 2011 Marshall Letter), however, after the AEDPA deadline had already expired. Moreover, it is not clear why he needed the transcripts to file his federal Petition, given that he has not attached any of them to the Petition and raises the same claims he raised on direct appeal.

A district court has the authority to raise the statute of

4

limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **July 23, 2012**, Petitioner should show cause in writing, if he has any, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury (or other admissible evidence) showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way."

DATED: June 22, 2012

/s/ Jean Rosenbluth
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

5